In re RECORD CLUB OF AMERICA, INC., Debtor.

Bankruptcy No. 74–553.

United States Bankruptcy Court, M. D. Pennsylvania.

Feb. 19, 1982.

Nancy Grossman, Harold F. McGuire, Jr., Barthold, McGuire, Kehl & Nealon, New York City, for creditor.

Ernest R. Weiss, York, Pa., receiver.

John W. Howett, Jr. & Associates, P. C., Harrisburg, Pa., for receiver.

Sigmund A. Beck, Milgrim, Thomjan & Jacobs, New York City, for Sigmund Friedman.

Horace A. Stern, Wexler, Weisman, Maurer & Forman, P. C., Philadelphia, Pa., for Creditors' Committee.

MEMORANDUM AND ORDER

DENYING THE MOTION OF CAPITOL RECORDS, INC., FOR SUMMARY JUDGMENT

(Claim # 96)

THOMAS WOOD, Bankruptcy Judge.

Record Club of America, Inc. (RCOA), filed for relief under Chapter XI of the Bankruptcy Act in December of 1974. Capitol Records, Inc. (Capitol), a creditor, subsequently has filed a proof of claim and an application for reclamation of property held by RCOA. RCOA has filed an objection to the proof of claim and an answer to the application for reclamation. Both of these documents contain counterclaims alleging that Capitol breached a contract with RCOA by failing to supply RCOA with certain recording materials. Capitol has moved for summary judgment on the counterclaims. It claims entitlement to judg-

ment as a matter of law because RCOA's claims for damages are speculative.

Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy proceedings. It provides that judgment shall be rendered if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The cases cited by Capitol are inapposite to the case at bar. *Exton Drive-In, Inc. v. Home Indemnity Co.*, 436 Pa. 480, 261 A.2d 319 (1969), deals with entitlement to damages, not with the propriety of pleadings. The case of *Keystone Floor Products Co. v. Beattie Manufacturing Co.*, 432 F.Supp. 869 (E.D.Pa.1977), did not decide the merits of a motion for summary judgment; it decided the merits of a motion for judgment notwithstanding the verdict or, in the alternative for a new trial. As noted, neither of these cases supports Capitol's position that a defendant should be granted summary judgment when a plaintiff's complaint estimates the extent to which it has been damaged. The plaintiff has averred general damages flowing from a breach of contract and it sets forth an estimate in the amount of $5,000,000. As stated by the Court in *Nourse v. Light*, 3 F.R.D. 3, 5 (M.D.Pa.1943), upon denying a motion for summary judgment on a contract claim:

> (T)here is no rule requiring the claimant to specify items of general damage, and a claim is sufficient if it sets forth a claim for a lump sum. Furthermore, even though the amount claimed was computed through the use of an improper measure of damages, or included items not properly recoverable, the claim is not rendered invalid thereby.

Capitol's motion for summary judgment must be denied.

### ORDER

AND NOW, this 19th day of February, 1982, IT IS ORDERED that the motion by Capitol Records, Inc., for summary judgment on the counterclaims of Record Club of America, Inc., against Capitol Records, Inc., is denied.